IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| WILLIAM JAMES LAWRENCE, | CV-22-10-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| CAPT. BRAGG, | |
| Defendant. | |

Plaintiff William James Lawrence ("Lawrence"), proceeding without counsel, alleges violations of his constitutional rights because he has been denied access to a law library.[1] The Court screened his Complaint under 28 U.S.C. §§ 1915 and 1915A and determined that it failed to state a claim and requested Lawrence file an Amended Complaint.[2] Lawrence has filed an Amended Complaint.[3]

I. SCREENING UNDER 28 U.S.C. §§ 1915, 1915A

Lawrence's Amended Complaint fails to state claims upon which relief can be granted. Lawrence's asserts that his right to litigate without active interference

---

[1] Doc. 2.
[2] Doc. 10.
[3] Doc. 13.

was violated.⁴ Lawrence has alleged nothing to state a claim for denial of access to a law library. He has not stated what court action is being interfered with, what consequences his lack of access has caused, and what materials he needs that he does not have.

Supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."⁵ Despite referring to Bragg's role as the supervisor of the jail, Lawrence has alleged no facts that show Bragg had any personal role in any deprivation of Lawrence's rights.

**ORDERED:**

1. Plaintiff's case is DISMISSED for failure to state a federal claim. All pending motions are DENIED as moot.

2. The Clerk of Court is directed to close this matter and enter judgment under Fed. R. Civ. P. 58.

DATED this 29th day of March, 2022.

SAM E. HADDON
United States District Judge

---

⁴ *Silva v. Di Vittorio*, 658 F.3d 1090, 1102–3 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).
⁵ *King v. Atiyeh*, 814 F. 2d 565, 568 (9th Cir. 1987), *overruled on other grounds* by *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).